THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**NOEMI RODRIGUEZ ARCE,**

    Plaintiff,

        v.

**THE PUERTO RICO OMBUDSMAN MANAGEMENT OFFICE; THE PUERTO RICO OMBUDSMAN OFFICE FOR RETIRED PERSONS AND THE ELDERLY; THE COMMONWEALTH OF PUERTO RICO,**

    Defendant.

Civil Case. NO. 12-1200 (PG)

## OPINION AND ORDER

Before the Court is defendants' motion to dismiss (Docket No. 18). Therein, defendants request that this court dismiss Plaintiff's Title VII claim as well as supplemental state law claims for lack of jurisdiction pursuant to FED.R.CIV.P. 12(b)(6). For the reasons set forth below, the Court **DENIES** defendants' request.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2012 Noemi Rodriguez Arce (hereinafter "Plaintiff") filed the original complaint (Docket No. 1) against the Puerto Rico Ombudsman Management Office, Puerto Rico Ombudsman for the Retired Persons and the Elderly, and the Commonwealth of Puerto Rico (hereinafter collectively referred to as "Defendants"). Subsequently, Plaintiff filed the First (Docket No. 5) and Second (Docket No. 8) Amended Complaints on April 4, 2012 and May 2, 2012, respectively. Finally, on May 14, 2012, Plaintiff filed a Third Amended Complaint. See Docket No. 12.

In short, Plaintiff alleges that while working for the Puerto Rico Ombudsman Office for Retired Persons under the direct supervision of Wilma Cruz-Calo (hereinafter "Cruz-Calo"), she was subject to retaliatory and gender discriminatory conduct that ultimately "created intolerable

working conditions for Plaintiff." See Docket No. 12 at ¶ 11. This, after she began an intimate relationship with Cruz-Calo, who in turn had a consensual relationship with the Deputy Ombudsman for Retired Persons and the Elderly, Carmen Ortiz-Calderon (hereinafter "Ortiz-Calderon"). According to the complaint, on March 2009, Plaintiff moved to end her relationship with Cruz-Calo after the latter renewed her relationship with Ortiz-Calderon. Consequently, Cruz-Calo allegedly "began a systematic sexual harassment and retaliation pattern against [Plaintiff] in the workplace," which included "sexually charged and denigrating comments to Plaintiff" as well as "veiled sexual invitations in order to renew their intimate relationship, in spite of Plaintiff's rejections." Id. at ¶ 18. Also, according to the complaint, "on or approximately at the end of the year 2010, Ortiz-Calderon became aware" of Plaintiff's relationship with Cruz-Calo and also began a systematic retaliatory conduct against Plaintiff. Id. at ¶ 22.

Plaintiff also alleges that Hon. Rossana Lopez-Leon (hereinafter "Lopez-Leon"), the former Puerto Rico Ombudsman for the Elderly, who also was Cruz-Calo and Ortiz-Calderon's direct supervisor, "failed to protect Plaintiff from the retaliatory and gender discriminatory conduct and participated in the concealment of Ortiz-Calderon and Cruz-Calo's conduct via the implementation of discriminatory and retaliatory employment decisions against Plaintiff." Id. at ¶ 25. This, after Lopez-Leon notified Plaintiff of her intention of suspending her from her job for a period of thirty (30) days, in what Plaintiff considers "an adverse employment action, recommended by Ortiz-Calderon and with Cruz-Calo's knowledge and consent absent any real basis or justification." Id. at ¶ 26. Plaintiff avers that Lopez-Leon subsequently gave her an amended

notice of disciplinary action indicating the agency's intention to terminate her. Thereafter, on May 2011, Plaintiff filed a sexual harassment complaint before the Ombudsman Office, as well as a gender discrimination charge before the Equal Employment Opportunity Commission (hereinafter "EEOC"). See Docket No. 12 at page 10. Afterwards, and allegedly in response to Plaintiff's charges, Lopez-Leon forced Plaintiff to take a leave of absence. See id. at page 11.

Lopez-Leon was subsequently replaced by Hon. Oscar Gonzalez Rivera (hereinafter "Gonzalez-Rivera"), who continued with the disciplinary procedure against Plaintiff that resulted in a thirty (30) day suspension without pay on February 2012. According to the complaint, "on or about March 16th, 2012, Defendants received Notice of Right to Sue issued by the EEOC", and in response, "Defendants notified Plaintiff on March 27, 2012 their intention to terminate her from her current job." Id. at ¶ 43. Plaintiff was ultimately fired on April 26, 2012. Id. at ¶ 45. Consequently, Plaintiff filed the above-captioned complaint alleging sexual harassment in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*. Plaintiff also included supplemental state law claims pursuant to Puerto Rico Law No. 17 of April 22, 1988 ("P.R. Law No. 17"), P.R. Laws Ann. tit. 29 § 155, *et seq.*; Puerto Rico Law No. 69 of July 6, 1985 ("P.R. Law No. 69"), P.R. Laws Ann. tit. 29, § 1321, *et seq.*; and Puerto Rico Law No. 115 of December 20, 1991 ("P.R. Law No. 115"), P.R. Laws Ann. tit. 29 § 194, *et seq.*.

Defendants moved to dismiss (Docket No. 18) requesting that this Court dismiss the above-captioned complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) inasmuch as "the Commonwealth of Puerto Rico enjoys the full protection of the Eleventh Amendment", and thus, federal

courts are barred from hearing "claims for damages against the Commonwealth of Puerto Rico." See Docket No. 18 at pages 5-6. According to the Defendants, the "Commonwealth of Puerto Rico nor its Agencies have consented to be sued for damages in federal courts." Id. Plaintiff filed a response to Defendants' motion to dismiss (Docket No. 20) wherein she requests this Court deny Defendants' request as to the Title VII claim. On the other hand, the Plaintiff requests that her supplemental state claims pursuant to P.R. Laws No. 17, 69 and 115 be dismissed without prejudice.

## II. STANDARD OF REVIEW

Motions to dismiss brought under FED.R.CIV.P. 12(b)(1) and 12(b)(6) are subject to the same standard of review. See Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir.1994). Firstly, when ruling on a motion to dismiss for failure to state a claim, a district court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir.2009) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)). Additionally, courts "may augment the facts in the complaint by reference to (i) documents annexed to the complaint or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F.3d 301, 306 (1st Cir.2008) (internal citations and quotation marks omitted).

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that

"[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir.2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has … held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir.2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

"In resolving a motion to dismiss, a court should employ a two pronged approach. It should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir.2011) (citing

Twombly, 550 U.S. at 555) (internal quotation marks omitted). Although a complaint attacked by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "does not need detailed factual allegations … a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). That is, the court "need not accept as true legal conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir.2009) (citing Iqbal, 129 S.Ct. at 1960). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." Ocasio-Hernández, 640 F.3d at 9 (citing Iqbal, 129 S.Ct. at 1951).

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a well-pleaded complaint may proceed even if … a recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 12-13 (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

### III. DISCUSSION

Defendants argue that this Court is barred from entertaining the above-captioned complaint, insofar as "the Commonwealth of Puerto Rico enjoys the full protection of the Eleventh Amendment." See Docket No. 18 at page 5. In addition, Defendants argue that neither the Commonwealth or "its Agencies have consented to be sued for damages in the federal

courts." Id. Defendants also assert that inasmuch as "the Ombudsman is an alter ego and or an instrumentality of the Commonwealth," such agency enjoys Eleventh Amendment protection as well. Accordingly, Defendants move this Court to fully dismiss the above-captioned complaint.

The Eleventh Amendment to the U.S. Constitution states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. amend. XI. Said amendment "has been authoritatively interpreted to safeguard States from suits brought in federal court by their own citizens as well as by citizens of other States." Espinal-Dominguez v. Commonwealth of Puerto Rico, 352 F.3d 490, 494 (1st Cir.2003). With regards to the Commonwealth of Puerto Rico, the First Circuit has held that "[d]espite its unique commonwealth status, Puerto Rico is treated for many juridical purposes as a State. The Eleventh Amendment is included in this compendium and, thus, Puerto Rico is entitled to a full measure of Eleventh Amendment immunity." Id. (citing Jusino Mercado v. Comm. Of Puerto Rico, 214 F.3d 34, at 37 (1st Cir. 2000)).

Nonetheless, said immunity is not absolute. Accordingly, courts have previously held that the Eleventh Amendment immunity "can, however, be waived or abrogated by Congress under certain limited circumstances." Espinal-Dominguez, 352 F.3d at 494 (citing College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Ramirez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir.1983)). In fact, in Fitzpatrick v. Bitzer, 427 U.S. 445 (1976), the Supreme Court held that in enacting Title VII, Congress had made unequivocally clear its

intention of abrogating the states' Eleventh Amendment immunity. Accordingly, the Supreme Court noted that in a "Title VII case the 'threshold fact of congressional authorization' … to sue the State as employer is clearly present." Id. at 452 (quoting Edelman v. Jordan, 415 U.S. 651, 1360 (1974)); see also Pegues v. Mississippi State Employment Serv., 889 F.2d 1449 (5th Cir.1990)(holding that Title VII has clearly abrogated the States' Eleventh Amendment immunity).

After careful review, the Court finds that Congress, in passing Title VII, validly abrogated the states' Eleventh Amendment immunity. Hence, pursuant to Title VII, a person is entitled to bring suit against a given state before a federal court. As stated before, "Puerto Rico is treated for many juridical purposes as a State," and thus, "is entitled to a full measure of Eleventh Amendment immunity." Espinal-Dominguez, at 494. Therefore, the contrary also holds: a person *may* sue the Commonwealth of Puerto Rico under Title VII insofar as Congress validly abrogated the states' Eleventh Amendment immunity under these circumstances.

Also, since there is no issue as to the Puerto Rico Ombudsman Management Office being an arm of the Commonwealth of Puerto Rico, the Court will refrain from addressing it herein.[1] Eleventh Amendment immunity afforded to the Puerto Rico Ombudsman Management Office as an arm of the Commonwealth of Puerto Rico is also abrogated as to Title VII. See Alberti v. University of Puerto Rico, 818 F.Supp.2d 452 (D.P.R. 2011) (finding Eleventh Amendment immunity afforded to University of Puerto Rico as arm of Commonwealth of Puerto Rico is abrogated as to Title VII).

---

[1] In its motion to dismiss, Defendants assert that "the Ombudsman is an alter ego and or an instrumentality of the Commonwealth." See Docket No. 18 at page 2.

Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claim on this ground. Nevertheless, upon Plaintiff's request, the Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's supplemental state law claims pursuant to P.R. Laws No. 17, 69 and 115.

### IV. CONCLUSION

In light of the foregoing, this Court hereby **DENIES** Defendants' motion to dismiss (Docket No. 18) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's supplemental state law claims.

**IT SO ORDERED.**

In San Juan, Puerto Rico, March 27, 2013.

> S/ JUAN M. PÉREZ-GIMÉNEZ
> JUAN M. PÉREZ-GIMÉNEZ
> UNITED STATES DISTRICT JUDGE